UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **LENNOX UNDERGROUND FOUNDATION, INC.** | Civ. No. 2:12-cv-3498 (WJM) |
| **Plaintiff,** | |
| v. | **OPINION** |
| **PHILIP R. GERON** | |
| **Defendant.** | |

**WILLIAM J. MARTINI, U.S.D.J.:**

  This matter comes before the Court on Plaintiff/Counter-Defendant Lenox Underground Foundation, Inc.'s (the "Foundation's") motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Defendant/Counter-Claimant Philip R. Geron ("Mr. Geron"), who is proceeding *pro se*, opposes the motion.  For the reasons set forth below, Defendants' motion is **GRANTED in part** and **DENIED in part**.

**I.  BACKGROUND[1]**

  As an initial matter, the Court notes that this litigation centers on whether the Foundation or Mr. Geron is the proper owner of the service mark "Lennox Underground" (the "Lennox Mark"), which is presently registered to Mr. Geron at Registration No. 4045339 on the United States Patent and Trademark Office's ("USPTO's") principal register (the "Registration").

  For purposes of the present motion, it is sufficient to note the following.  Lennox Underground is a music group which was formed in 2002. Mr. Geron is one of Lennox Underground's original members.  In November 2004, Mr. Geron and the other musicians in Lennox Underground created the Foundation, which is a not-for-profit, charitable corporation which seeks to promote music education for young people.  From the Foundation's inception, Mr. Geron served as a Foundation trustee.  After the

---

[1] The facts here are largely undisputed by the parties.  However, to the extent there are differences, the following assumes the facts in Mr. Geron's Answer and Counterclaims as true.  *See Warner Lambert Co. v. Purepac Pharmaceutical Co.*, 2000 WL 34213890, at *4 (D.N.J. Dec. 22, 2000) (when ruling on a motion to dismiss a counterclaim under Fed. R. Civ. P. 12(b)(6), the Court accepts all allegations in the counterclaim as true); *Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006) (same standard applies under Fed. R. Civ. P. 12(b)(1)).

Foundation was created, proceeds from Lennox Underground concerts and record sales were used to support the Foundation's charitable causes.

Although the parties have declined to explain why, it appears that as a result of a deteriorating relationship between Mr. Geron and the other performers in Lennox Underground, Mr. Geron filed an application with the USPTO for Registration of the Lennox Mark in his individual name on March 31, 2011.  The USPTO granted Mr. Geron's application on October 25, 2011.  The Foundation learned of the Registration shortly thereafter when it attempted to register the Lennox Mark in the Foundation's name.  (Def.'s Ans. 5 ¶ 19, ECF No. 19.)

After making that discovery, the Foundation demanded that Mr. Geron assign his rights in the Lennox Mark to the Foundation.  Mr. Geron refused to do so, and on February 22, 2012, he formally resigned from his position as a trustee with the Foundation.  Although the parties thereafter continued discussions on the terms under which Mr. Geron would agree to assign his rights in the Lennox Mark to the Foundation, *see* Def.'s Exs. A-C, ECF No. 8, to date, no assignment has occurred.

Presently, Mr. Geron asserts that the Foundation remains in possession of $7,000 worth of Mr. Geron's musical equipment, and has informed Mr. Geron that it will not return that equipment until Mr. Geron assigns his rights in the Lennox Mark to the Foundation.  (Def.'s Ans. 13, 15.)  In support of that assertion, Mr. Geron has supplied the Court with e-mails and other correspondence between the parties.[2]  (*See* Def.'s Exs. A-C, ECF No. 8.)  In that correspondence, Mr. Geron indicates that he would like the Foundation to reimburse him for approximately $5,500 dollars for music equipment which he paid for personally and which was used by the Foundation.  (*Id*. at Ex. C.)  He also unequivocally states that the Foundation continues to be in possession of a public address system which Mr. Geron also purchased with personal funds.  (*Id*.)

On June 6, 2012, the Foundation commenced this action against Mr. Geron.  In that pleading, the Foundation alleges that Registration of the Lennox Mark to Mr. Geron violates the Lanham Act, 15 U.S.C. § 1051, *et seq*., constitutes tortuous interference with the Foundation's prospective economic advantage, and was a breach of Mr. Geron's duty of loyalty to the Foundation.  (Compl., ECF No. 1.)

In response, Mr. Geron filed his Answer and Counterclaims on July 9, 2012. (ECF No. 6).  In that document, Mr. Geron asserts six counterclaims against the Foundation, including several Lanham Act claims and – for purposes of this motion – state law claims for fraud (Count One) and conversion (Count Two) (collectively, "State Law Claims").[3]  Mr. Geron's State Law Claims are both rooted in Mr. Geron's assertion

---

[2] The Court notes that in ruling on the present motion to dismiss, it may consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] document[s]."  *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir.1993).
[3] The Foundation also initially moved to dismiss Count Three (extortion).  However, since that time, Plaintiff has

Case 2:12-cv-03498-WJM-SCM   Document 12   Filed 02/20/13   Page 3 of 5 PageID: 100

that the Foundation has refused to return $7,000 worth of Mr. Geron's musical equipment to Mr. Geron until he assigns his rights in the Lennox Mark to the Foundation.  (Def.'s Ans. 13, 15.)

Presently, the Foundation moves for dismissal of Mr. Geron's State Law Claims under Rule 12(b)(1) for lack of lack of subject matter jurisdiction.  In addition, the Foundation moves for dismissal of Mr. Geron's fraud claim under Rule 12(b)(6) for failure to state a claim.  The Court will address each of these arguments in turn.

## II.   THE FOUNDATION'S MOTION TO DISMISS MR. GERON'S STATE LAW CLAIMS PURSUANT TO FEDERAL RULE 12(b)(1)

The Foundation first moves under Rule 12(b)(1) for dismissal of Mr. Geron's State Law Claims for lack of subject matter jurisdiction.  More precisely, the Foundation asserts that because the State Law Claims are derived from Mr. Geron's alleged ownership of musical equipment, these claims do not arise from the "same nucleus of operative facts" as the parties' federal Lanham Act Claims, and therefore, the Court should not exercise supplemental jurisdiction over them pursuant to 28 U.S.C. § 1367(a).

The Court recognizes that ultimately, Mr. Geron bears the burden of demonstrating that this Court has jurisdiction over his State Law Claims.  *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993).  In ruling on the Foundation's Rule 12(b)(1)[4] motion, Mr. Geron will meet that burden if "the allegations on the face of the [Mr. Geron's Answer and Counterclaims] taken as true, allege facts sufficient to invoke the jurisdiction of the district court." *Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006) (internal citations omitted).

The basis for this Court to exercise jurisdiction over Mr. Geron's State Law Claims is set forth in 28 U.S.C. § 1367(a), which states that a district court presented with a federal question claim may exercise supplemental jurisdiction over state law claims if they are "so related to claims in the action . . . that they form part of the same case or controversy under Article III of the United States Constitution."  Pursuant to *United Mine Workers v. Gibbs*, 383 U.S. 715, (1966), there are three requirements that must be met for the Court to exercise jurisdiction under 28 U.S.C. § 1367(a): (1) "the federal claim must have substance sufficient to confer subject matter jurisdiction on the court"; (2) "[t]he state and federal claims must derive from a common nucleus of operative fact"; and, (3) "if, considered without regard to their federal or state character, a plaintiff's claims are

---

conceded that dismissal of Count Three is proper.  (*See* Mr. Geron's Opp. to Mot. to Dismiss 3, ECF No. 10.)

[4] A Rule 12(b)(1) motion may be treated as either a facial or factual challenge to the Court's subject matter jurisdiction. *See Mortensen v. First Fed. Sav. and Loan Ass'n*, 549 F.2d 884, 891 (3d Cir.1977).  In reviewing a facial attack, the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff.  *See id.*; *PBGC v. White*, 998 F.2d 1192, 1196 (3d Cir. 1993).  In reviewing a factual attack, the court may consider evidence outside the pleadings. *See Gotha v. United States*, 115 F.3d 176, 178-79 (3d Cir.1997) (*citing Mortensen*, 549 F.2d at 891).  Here, there is no dispute that the Foundation is making a facial challenge to the Court's subject matter jurisdiction.

3

such that he would ordinarily be expected to try them all in one judicial proceeding." *See also Lyons v. Gibbs*, 45 F.3d 758, 760 (3d Cir. 1995).

In their Rule 12(b)(1) motion, the Foundation only challenges that Mr. Geron has satisfied *Gibbs*' "common nucleus of operative fact" prong. In considering the Foundation's assertion, the Court notes that "[t]he test for a 'common nucleus of operative facts' is not self-evident" and involves a "fact-specific" inquiry into the details of the individual case. *Lyon v. Whisman*, 45 F.3d 758 (3d Cir. 1995). As explained in *Lyon*, there are two extremes to the "common nucleus of operative facts" analysis. At one end of the spectrum are cases in which "common nucleus" finding is almost always appropriate because "the federal and state claims 'are merely alternative theories of recovery based on the same acts.'" *Id*. at 761 (citations omitted). At the other extreme, are "state claims totally unrelated to a cause of action under federal law." *Id*. However, for closer cases, there is no precise way to measure whether the "nexus between the federal and state claims [is sufficient] to support supplemental jurisdiction." *Id*. *But see Mack v. Bear Stearns Residential Mortg. Corp.*, 755 F.Supp.2d 651, 656-57 (E.D. Pa. 2010) (unequivocally stating that the facts used to prove the state and federal claims need not be precisely the same).

Bearing the foregoing principles in mind, the Court finds that exercising supplemental jurisdiction over Mr. Geron's State Law Claims is appropriate. Lennox Underground is the name of a music group. The federal claims in this matter center on whether Mr. Geron or the Foundation owns the right to continue to use that name. Mr. Geron asserts that he purchased musical equipment for Lennox Underground's use with personal funds and that the equipment remains in the possession of the Foundation. At this early stage of litigation, the extent to which Mr. Geron personally funded Lennox Underground certainly appears relevant to the issue of whether Mr. Geron would be entitled to obtain Registration of the Lennox Mark in his individual name. Moreover, it appears that the parties' prior discussions regarding Mr. Geron assigning his rights in the Lennox Mark to the Foundation involved first resolving whether the Foundation or Mr. Geron is the owner of that equipment. On these facts, the Court is satisfied that Mr. Geron's State Law Claims arise out of a "common nucleus of operative fact" sufficient for this Court to exercise supplement jurisdiction over those claims. *See N.V.E., Inc. v. Day*, CIV. 07-4283, 2009 WL 2526744 (D.N.J. Aug. 18, 2009) (supplemental jurisdiction over state law claims where court had subject matter jurisdiction over the plaintiff's Lanham Act claims). Accordingly, the Foundation's motion to dismiss Mr. Geron's State Law Claims pursuant to Rule 12(b)(1) will be **DENIED**.

### III.   THE FOUNDATION'S MOTION TO DISMISS MR. GERON'S FRAUD CLAIM UNDER RULE 12(b)(6)

The Foundation also moves under Rule 12(b)(6) for dismissal of Mr. Gerron's fraud claim (Count One) for failure to state a claim. A motion to dismiss under Federal

Rule of Civil Procedure 12(b)(6) may be granted only if, accepting all well-pleaded allegations in the Mr. Geron's Answer and Counterclaims as true and viewing them in the light most favorable to the Mr. Geron, the Court finds that Mr. Geron's fraud claim has facial plausibility. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007).  This means that Mr. Geron's pleading must contain sufficient factual allegations to raise a right to relief above the speculative level. *Id*. at 1965; *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009).

For Mr. Geron's fraud claim to surive Rule 12(b)(6) dismissal, he must plead sufficient facts showing that the Foundation made a material misrepresentation of fact; which it knew to be false; which was made to induce Mr. Geron to rely on the misrepresentation; and, that Mr. Geron was injured as a result of his reasonable reliance upon that misrepresentation. *Jewish Ctr. of Sussex County v. Whale*, 86 N.J. 619, 624-25, 432 A.2d 521 (1981).  Fed. R. Civ. P. 9(b).  Moreover, Mr. Geron's fraud claim is subject to the heightened pleading standard of Rule 9(b), which requires Mr. Geron to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). *See also Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007).

As noted earlier, Mr. Geron's fraud claim is rooted in his assertion that the Foundation has refused to return Mr. Geron's musical equipment until he assigns his rights in the Lennox Mark to the Foundation.  Based on these facts, Mr. Geron has not pled any facts showing that the Foundation made any misrepresentations of fact, material or otherwise, much less that he relied on any representation of the Foundation to his detriment.  In short, when granting Mr. Geron all favorable inferences, it is clear that his Answer and Counterclaims fail to set forth a *prima facie* fraud claim under any pleading standard, much less the heightened pleading standard of Rule 9(b).  Accordingly, the Foundation's motion to dismiss Mr. Geron's fraud counterclaim pursuant to Rule 12(b)(6) will be **GRANTED**.

## IV.    CONCLUSION

For the reasons stated above, the Foundation's motion to dismiss Counterclaims One and Two pursuant to Rule 12(b)(1) is **DENIED**.  The Foundation's motion to dismiss Counterclaim One pursuant to Rule 12(b)(6) is **GRANTED**.  An appropriate order follows.

/s/William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: February 20, 2013.**

5